1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
7                             AT TACOMA

8    GINA S. K.,
                                              CASE NO. 3:22-CV-5087-DWC
9                    Plaintiff,
                                              ORDER AFFIRMING DEFENDANT'S
10         v.                                 DECISION TO DENY BENEFITS

11   COMMISSIONER OF SOCIAL
     SECURITY,
12
                     Defendant.
13

14         Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

15   Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to

16   28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have

17   consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

18         After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

19   properly evaluated the testimonies provided by Plaintiff and her husband and properly assessed

20   her residual functional capacity ("RFC"). Accordingly, the Court affirms the ALJ's decision in

21   finding plaintiff not disabled.

22                     FACTUAL AND PROCEDURAL HISTORY

23         On February 3, 2020, Plaintiff protectively filed for a period of disability and disability

24   insurance benefits, alleging disability as of December 15, 2013. *See* Dkt. 14; Administrative

1   Record ("AR") 58, 67. The application was denied upon initial administrative review and on

2   reconsideration. *See* AR 64, 74. Plaintiff amended her alleged onset date to November 10, 2016

3   and last met the insured status on December 31, 2018, making November 10, 2016 through

4   December 31, 2018 the relevant period. AR 13–14, 16, 25.

5        ALJ John Michaelsen held a hearing on March 9, 2021 and issued a decision on April 8,

6   2021 finding Plaintiff not disabled during the relevant period. AR 10-56. The Appeals Council

7   affirmed the ALJ's finding of disability, making the ALJ's decision the final decision of the

8   Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981.

9        In Plaintiff's Opening Brief, Plaintiff contends the ALJ erred in: (1) evaluating medical

10  opinion evidence, (2) evaluating her symptom testimony, (3) evaluating lay witness testimony,

11  and (4) assessing her residual functional capacity ("RFC"). Dkt. 14, p. 1.

12                            STANDARD OF REVIEW

13       Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

14  social security benefits if the ALJ's findings are based on legal error or not supported by

15  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

16  Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

17                                DISCUSSION

18  **I.      Whether the ALJ Erred In Evaluating Medical Opinion Evidence**

19       Plaintiff first contends the revised regulations for the evaluation of medical opinion

20  evidence for claims submitted after March 27, 2017, as set forth in *Woods v. Kijakazi*, 21 F.4th

21  785, 792 (9th Cir. 2022), are "partially invalid" because they "purport to make the factors of

22  firsthand contact, effort to cure, longitudinal relationship, and special medical expertise

23  irrelevant" or "relieve an ALJ of the duty to address these key factors in her analysis." *See* Dkt.

24

14, pp. 2-6. Plaintiff acknowledges the Ninth Circuit's holding in *Woods* that the revised

regulations displaced longstanding case law requiring an ALJ to provide "specific and

legitimate" reasons for rejecting a contracted physician's opinion or "clear and convincing"

reasons for discrediting an uncontradicted physician's opinion. *Woods*, 32 F. 4th at 792.

However, Plaintiff argues that since no *en banc* panel (nor the Supreme Court) has overruled

these standards, they remain in place and must be used by this Court to assess whether the ALJ

properly evaluated medical opinion evidence. *See* Dkt. 14, pp. 3-6.

      Plaintiff also contends the revised regulations are invalid because they "purport to relieve

and ALJ of the duty to *fully* articulate how he is weighing the medical opinion evidence[.]" Dkt.

14, p. 6. Under 20 C.F.R. § 404.1520c(a)-(c), the ALJ must articulate the persuasiveness of each

medical opinion, and specifically whether the opinions are supported and consistent with the

record. The regulations also provide other factors the ALJ may consider when considering a

medical opinion, including a medical source's relationship with a clamant, whether the medical

source received specialized training, and a medical source's familiarity with the program's

policies and requirements. *See* 20 C.F.R. § 404.1520c(c)(1)-(5).  An ALJ's findings must also be

supported by substantial evidence. *See Woods*, 32 F.4th at 792. Thus, contrary to Plaintiff's

assertion, the regulations do not relieve the ALJ of the duty to fully articulate the weighing of

medical opinion evidence. The Court, therefore, rejects Plaintiff's arguments and will apply the

new regulations.

      Plaintiff next contends the ALJ erred in evaluating medical opinion evidence, but fails to

make any substantive arguments. *See* Dkt. 14, pp. 6-10. Plaintiff instead generally states, "a

reasonable ALJ who fully credited the medical findings of all [her] treatment providers could

have reached a different disability determination" and proceeds to summarize the various

1  medical findings in her medical record. *See id.* The Court will not consider matters that are not

2  "'specifically and distinctly'" argued in Plaintiff's opening brief. *Carmickle v. Commissioner,*

3  *Social Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v.*

4  *Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). As Plaintiff has not alleged any specific

5  errors, the Court declines to consider whether the ALJ improperly evaluated the medical opinion

6  evidence in her record.

7      II.      **Whether the ALJ Erred at Step Two of the Sequential Evaluation**

8          Plaintiff contends the ALJ erred by failing to consider her May 2019 MRI findings,

9  which showed left foraminal narrowing, before finding her lumbar degenerative disc disease

10  non-severe at step two of the sequential evaluation process. *See* Dkt. 14, p. 9; AR 16, 576.

11          At step two, the ALJ must determine if the claimant suffers from any medically

12  determinable impairments that are "severe." 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is

13  not considered to be "severe" if it does not "significantly limit" a claimant's physical or mental

14  abilities to do basic work activities. 20 C.F.R. § 404.1520(c). Basic work activities are those

15  "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b); Social Security

16  Ruling ("SSR") 85-28. An impairment is not severe if the evidence establishes only a slight

17  abnormality that has "no more than a minimal effect on an individual's ability to work." SSR 85-

18  28; *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

19          Here, in finding Plaintiff's lumbar degenerative disc disease non-severe, the ALJ

20  explained Plaintiff's complaints of back pain during the relevant period were sporadic and her

21  medical record revealed mild findings. *See* AR 18. In an April 2017 physical examination,

22  Plaintiff reported back pain, but the notes showed a "mild muscle spasm present in her lower

23  back" and normal lower extremity strength. AR 677. The ALJ also pointed to some of Plaintiff's

24

activities during the relevant period, including physical therapy, where Plaintiff reported her exercises "have been going well," most of her pain was in her hips, and she was able to work in her garden without increase in back spasms. AR 18 (citing AR 762, 767-77). Given the objective medical evidence and Plaintiff's reports, the ALJ could reasonably find her lumbar degenerative disc disease not so severe as to "significantly limit" her ability to do basic work activities during the relevant period. *See* 20 C.F.R. § 416.920(c); SSR 96-3p. As Plaintiff points to no other evidence during the relevant period to refute the ALJ's finding, the Court finds the ALJ did not err at step two.

###        III.        Whether the ALJ Properly Evaluated Plaintiff's Symptom Testimony

Plaintiff contends the ALJ erred in evaluating her symptom testimony. Dkt. 14, pp. 10-15.

Plaintiff testified that she stopped working because of the pain in her neck, left arm, and foot. *See* AR 39-49. Plaintiff explained she had difficulty turning her head and did not have much range of motion. *See* AR 41-42. Plaintiff testified to having pain that radiates down her left arm to her back and numbness with her hands and fingers. *See* AR 42-45. Plaintiff also testified to having foot pain even after undergoing surgery, which prevents her from being able to walk for a mile or more. *See* AR 47-49.

The ALJ found that while Plaintiff's medically determinable impairments could reasonably produce the symptoms Plaintiff testified to, the intensity, persistence, and limiting effects as alleged by Plaintiff were inconsistent with (1) the medical evidence, (2) Plaintiff's testimony that she stopped working not due to any health impairment, and (3) Plaintiff's daily activities. *See* AR 21-23.

1         If an ALJ rejects the testimony of a claimant once an underlying impairment has been

2   established, the ALJ must support the rejection "by offering specific, clear and convincing

3   reasons for doing so." *Smolen*, 80 F.3d at 1284 (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th

4   Cir. 1993)); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Bunnell v.*

5   *Sullivan*, 947 F.2d 343, 346-47 (9th Cir. 1991)). As with all of the findings by the ALJ, the

6   specific, clear and convincing reasons also must be supported by substantial evidence in the

7   record as a whole. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at 1214 n.1 (citing *Tidwell*, 161

8   F.3d at 601).

9         With respect to the ALJ's first reason, "[c]ontradiction with the medical record is a

10  sufficient basis for rejecting the claimant's subjective testimony." *Carmickle*, 533 F.3d at 1161.

11  Here, in discounting Plaintiff's testimony regarding her neck, the ALJ cited to her physical

12  examinations showing she was found negative for neck pain and with normal range of motion.

13  AR 21 (citing AR 622, 677). As to Plaintiff's statements regarding the numbness in her hands,

14  the ALJ cited evidence showing the symptom was from an injury when her arm hit a brick pillar.

15  AR 21 (citing AR 641). Plaintiff's physical examination showed her symptoms were "related to

16  the injury she had in her arm" and that they would resolve, there was no abnormality in her left

17  arm, and her left hand sensation was normal. *See* AR 642. In discounting her testimony regarding

18  her foot, the ALJ cited Plaintiff's treatment notes showing improvement after undergoing

19  surgery. AR 22. Plaintiff herself reported her foot pain had been reduced and there were "no

20  lasting pain symptoms." *See* AR 654. Plaintiff later reported foot and ankle pain but attributed

21  them to an unrelated sprain and specifically reported her preoperative symptoms were

22  "resolved." *See* 642-43. Given that these findings undermine Plaintiff's statements, the ALJ

23  could reasonably discount her testimony for their inconsistency with the medical record.

24

1    With regards to the ALJ's second reason, an ALJ can properly discount a claimant's

2  credibility if the claimant stopped working for another reason other than his or her alleged

3  disability. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). *See also* SSR 82–61 ("A

4  basic program principle is that a claimant's impairment must be the primary reason for his or her

5  inability to engage in substantial gainful work."). Here, the ALJ pointed to Plaintiff's testimony

6  that she would have tried to keep working if she did not have care for her mother. *See* AR 39-40.

7  Plaintiff also stated that she quit her job in 2013 for the same reason when she presented for

8  evaluation of her mental health symptoms in 2016. AR 711. Finally, in her work history report,

9  Plaintiff wrote that she worked as a receptionist from 2012 to 2013 and started as "non pay

10  caretaker" for her mother from 2013 to 2019. *See* AR 293. The ALJ's finding was supported by

11  substantial evidence, therefore ALJ gave a clear and convincing reason for discounting

12  Plaintiff's testimony by finding that Plaintiff stopped working for reasons other than her alleged

13  disability.

14    As the ALJ has provided valid reasons to discount Plaintiff's testimony, the Court need

15  not further assess whether the other reason offered by the ALJ is erroneous. Even assuming the

16  remaining reason is insufficient, the error would be considered harmless. *See Carmickle*, 533

17  F.3d at 1162 (including an erroneous reason among other reasons to discount a claimant's

18  credibility does not negate the validity of the overall credibility determination and is at most

19  harmless error where an ALJ provides other reasons that are supported by substantial evidence).

20    **IV.    Whether the ALJ Erred in Rejecting Lay Testimony**

21    Plaintiff contends the ALJ erred in failing to address the testimony provided by her

22  husband. Dkt. 14, pp. 15-16.

23

24

1    Plaintiff's husband provided a function report in July 2019. AR 303-04, 308-13. He wrote

2    Plaintiff has troubles standing for long periods of time, foot pain, cannot fully turn her head, and

3    has numbness in her hands. *See* AR 303.

4    The ALJ did not consider this testimony. The Commissioner argues that under the new

5    regulations, ALJs are not required to articulate their consideration of evidence from nonmedical

6    sources, and whether they do so depend on the evidence in each claim. *See* Dkt. 15, p. 13; 20

7    C.F.R. § 404.1520c(d); 82 Fed. Reg. 5,844, 5,850 (Jan. 18, 2017). But § 404.1520c(d)

8    does not provide that an ALJ is not required to evaluate lay-witness statements at all—rather,

9    an ALJ's assessment of nonmedical evidence, such as the lay witness testimony here, are not to

10   be assessed using the factors set forth in 20 C.F.R. § 404.1520c(a)-(c). Thus, the ALJ's failure to

11   address Plaintiff's husband testimony was error.

12   However, the ALJ's error is harmless. Plaintiff's husband's testimony was substantially

13   similar to Plaintiff's testimony, and because the ALJ was able to provide valid reasons to

14   discount Plaintiff's testimony, these reasons are equally valid in discounting her husband's

15   testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (holding that the ALJ's

16   failure provide a reason for rejecting the lay testimony was harmless as it did not alter the

17   ultimate nondisability determination).

18   **V.    Whether the ALJ Erred in Assessing Plaintiff's RFC**

19   Plaintiff contends the ALJ improperly assessed Plaintiff's RFC because the ALJ erred in

20   evaluating Plaintiff's testimony and the testimony of her husband and failed to include non-

21   exertional limitations. *See* Dkt. 14, p. 16.

22   The ALJ's RFC determination must be affirmed "if the ALJ applied the proper legal

23   standard and his decision is supported by substantial evidence." *See Bayliss*, 427 F.3d at 1217.

24

1  As the ALJ validly discounted the testimonies of Plaintiff and her husband, the Court finds the

2  ALJ did not err in assessing Plaintiff's RFC.

3          The ALJ also did not err in assessing Plaintiff's RFC for failure to include her non-

4  exertional limitations. The record shows the ALJ properly determined Plaintiff had either mild or

5  no limitations in her mental functioning. *See* AR 18-19. Plaintiff was able to manage finances

6  and provide care for her mother and her mental status exams showed largely normal results. *See*

7  AR 39-40, 298, 622, 700, 706, 712-13, 716-17. The ALJ also evaluated the medical opinion

8  evidence regarding Plaintiff's mental functioning, AR 23-24 (citing AR 58-65, 76-84, 86-95). As

9  the ALJ properly considered the four areas of Plaintiff's mental functioning and the medical

10  evidence did not warrant inclusion of specific mental limitations in the RFC, the ALJ's

11  assessment is supported by substantial evidence. *See Jandrejack v. Saul*, 843 F. App'x 993, 994–

12  95 (9th Cir. 2021).

13          Plaintiff also argues the ALJ erred in finding that she had no non-exertional limitations,

14  and thus erred at step five by applying the Medical-Vocational Guidelines ("the grids"), instead

15  of taking testimony from a vocational expert, before determining that she is able to work. *See*

16  Dkt. 14, pp. 16-17.

17          "[T]here are two ways for the Commissioner to meet the burden of showing that there is

18  other work in 'significant numbers' in the national economy that claimant can perform: (a) by

19  the testimony of a vocational expert, or (b) by reference to the Medical–Vocational Guidelines at

20  20 C.F.R. Pt. 404, subpt. P, app. 2." *Tackett v. Apfel,* 180 F.3d 1094, 1098–1099, 1101 (9th Cir.

21  1999). The ALJ can rely on the grids if they "completely and accurately represent a claimant's

22  limitations." *Id*. at 1101. The grids can also be used if there are both exertional and non-

23  exertional limitations present, as "a vocational expert is required only when there are significant

24

1  and 'sufficiently severe' non-exertional limitations not accounted for in the grid." *See Hoopai v.*

2  *Astrue*, 499 F.3d 1071, 1076 (9th Cir.2007) (finding that mild or moderate depression does not

3  establish a "sufficiently severe non-exertional limitation" to preclude reliance on the grids at step

4  five).

5          But as discussed, the ALJ properly determined Plaintiff had either mild or no limitations

6  in her mental functioning, she was capable of managing finances and providing care for her

7  mother, and her mental examinations revealed largely normal results. *See* AR 39-40, 298, 622,

8  700, 706, 712-13, 716-17. Substantial evidence supports the ALJ's finding that Plaintiff had no

9  more than mild limitations in her mental functioning, thus Plaintiff's non-exertional limitations

10 were not "sufficiently severe" such that the ALJ could not rely on the grids. *See Hoopai*, 499

11 F.3d at 1076. Accordingly, the Court finds the ALJ did not err by relying on the grids instead of

12 utilizing vocal expert testimony to determine Plaintiff is able to work at step five.

13                                     CONCLUSION

14         Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded

15 Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and

16 this case is dismissed with prejudice.

17         Dated this 15th day of November, 2022.

18

19                                      _____
                                        David W. Christel
20                                      United States Magistrate Judge

21

22

23

24